The opinion of the court was delivered by
Gibson, C. J.
The result of the authorities undoubtedly is, that the loser may withdraw his stake at any time before actual payment to the winner. If then such be the rule in regard to those wagers that are void only by the policy of the common law, how much more reason is there for enforcing it when public policy has received the sanction of positive enactment? To the act of wagering on an election, the act of assembly not only annexes a penalty, but in terms declares the contract to be void; and as in construing remedial statutes, the main thing is to make such a construction as will repress the mischief and advance the remedy, we are to determine whether the practice of betting on elections would not be *149 more effectually cut up by suffering the loser to regain what he has lost at any time before it is delivered to the winner, than by narrowing the locus penitentise to the interval between the period of betting and the happening of the contingency; and it is impossible to doubt but that it would. A different conclusion would be a virtual repeal of the clause which declares the contract to be void. It will be conceded that bets are seldom if they are ever made with a view to be revoked; and nothing would be more easy if that were sufficient, than for the parties to preclude themselves from taking the advantage held out by the law, by depositing in the hands of a third person; and in such a case, to expect either to retract before the determination of the bet is known, is just as reasonable as to expect the banker at a gamingtable to avail himself of the locus penitentise, while the card is trembling in his hand. In either case the hope of gain which was the original inducement to the bet, continues to operate; but in the case of the political bet there are the additional incentives of party spirit, and the sinister consequences to be apprehended from an implied admission of numerical inferiority on the side of the party in favour of whose success the bet was made. It may be said the same arguments would prove the right of the loser to maintain an action even after the money, were paid over. I confess that I think the decisions ought originally to have gone that length. In pari delicto, is not a maxim of universal application; for where money has been paid on a contract which is illegal, merely because it is in violation of a rule which has for its object the protection of weak and necessitous men, it may be recovered back; and for the very reason that the rule itself would be frustrated by any other construction. The books contain many cases of the sort. Had the courts in cases of positive prohibition marched directly towards the object proposed by the legislature, instead of stopping to determine degrees of criminality, or fastidiously turning aside from the supposed turpitude of the transaction, they would have saved themselves the trouble of many a nice and useless distinction. What has the relative demerit of the parties to do with the prostration of the original cause of of-fence to the public; short of which a judge should not suffer himself to pause? By this I do not intimate a desire to overturn what has been established by many of the wisest and best judges which this country or that of our ancestors has produced. In the case before us there is the less reason to do so, as the legislature has evinced by other laws that it was aware of the rule which prevents money that has been paid on an illegal contract from being recovered back; as in the case of money paid in violation of the act against horse-racing, which it is expressly declared may be recovered from the winner. But we will not stop to inquire whether the loser claims through the illegal transaction, or paramount on his original right of property; or whether, having done all in his power to complete the contract, it would be inequitable to permit him to *150 withdraw his bet after the risk has been borne by the other party: such considerations must yield to the policy which dictated the prohibition, and which requires that it shall not be eluded under any pretence. Whatever repugnance, therefore, we may feel to the claim of the plaintiff we are compelled to say there is nothing in the way of his recovery.
Judgment reversed.