## McALLISTER *against* GALLAHER.

### IN ERROR.

Money deposited with the stake-holder of a horse-race, as a forfeit by either party whose horse did not run, is recoverable from such stake-holder by virtue of the act of Assembly.
If the stake-holder pays the money to him to whom it was forfeited, without notice, and in good faith, he is protected by the limitation, contained in this act, within which suit must be brought. But it is otherwise if he acted unfairly, or connived with one of the parties; and this is rightly left to the jury.

ERROR to the Common Pleas of *Mifflin* County.

*Gallaher* and *Lebo* made a bet of one hundred dollars upon a horse-race, to be run at a future time, and each deposited fifty dollars in the hand of *William McAllister*, which he, who did not appear upon the ground with his horse at the appointed time, should forfeit to the other. *Gallaher* did not appear, and *McAllister* gave up the forfeit to *Lebo*, upon being indemnified. Upon the trial of the cause, it was alleged, and some proof given of it, that some unfair practices were resorted to by *Lebo*, to prevent *Gallaher* from appearing on the ground with his horse, and that *McAllister* was privy thereto. The bet was made and the money deposited in September; and this suit was not brought until the following May.

The defendant asked the Court to instruct the jury:

1st. That money deposited with a stake-holder as a forfeit, in case of no race, and actually forfeited, cannot be recovered back under the act of Assembly against horse racing; and that such a case is not within the act providing for recovery back, and plaintiff is not entitled to recover.

2. That a stake-holder is protected by the limitation in the fourth section of said act; and that if the jury believe, that suit was not instituted within two calendar months after the loosing and payment, this suit cannot be sustained, and plaintiff is not entitled to recover.

3. That if the jury believe, that no notice was given by plaintiff to defendant, not to pay over the money, before actual payment to the winner of the forfeit, plaintiff is not entitled to recover.

To which the Court [*Burnside* president] answered:

1. We say that money can be recovered from a stake-holder that is deposited as a forfeit in case of no race.

2. If the stake-holder pays in good faith, without notice, the limitation of two months will protect him; but the jury will inquire, did *McAllister* act with good faith? Did he deliver it over as the parties agreed he should? If he did not, this action can be sustained against him. If he acted unfairly and connived with one of the parties, and paid over the money, and the jury should believe the money was not lost, he will not be protected.

(McAllister *v.* Gallaher.)

The opinion of the court was assigned for error and argued by *Potter* for plaintiff in error.

*F. Watts,* for defendant in error.

PER CURIAM.—All contracts and agreements, the consideration of which is money, or any other thing betted, being declared unlawful and void, the principle of this case seems to have been decided in *McAllister* v. *Hoffman,* 16 *Serg.* & *Rawle* 147; and we discover nothing erroneous in the record.

Judgment affirmed.